UNION NEWS COMPANY, Plaintiff, *v.* LEON J. DAVIS, as President of Retail Drug Employees Union, Local 1199, Affiliated with District 65, DPOWA, Independent, et al., Defendants.

Supreme Court, Special Term, New York County, November 26, 1951.

*Solomon & Rosenbaum* for plaintiff.

*Weinstock & Tauber* for defendants.

EDER, J. Motion for injunction *pendente lite* is granted. Defendants' cross motion to dismiss the complaint, is denied.

The situation here is a very simple one and plaintiff has established to the satisfaction of the court that it is entitled to the relief sought.

Plaintiff is engaged in business, of a diversified character, operating in thirty-two States. The operations of plaintiff are in the stream of interstate commerce and substantially affect interstate commerce. It appears from the record presented that it is engaged in an industry and activity coming within the meaning of and subject to the National Labor Management Relations Act of 1947 (U. S. Code, tit. 29, § 141 *et seq.*).

The record discloses that plaintiff, for many years, has had and now has collective bargaining agreements with many unions affiliated with the American Federation of Labor (A. F. of L.) and the Congress of Industrial Organizations in its various operations, both in this city and throughout the nation, governing the terms of employment for thousands of its employees and that it has been the policy of plaintiff to recognize and bargain collectively with unions who are certified as the collective bargaining representatives of its employees at

various units by the National Labor Relations Board and that plaintiff has steadfastly refused to recognize as exclusive bargaining representative or enter into collective bargaining agreements with unions who do not represent a majority of the employees at the units claimed, or to extend such recognition or enter into any agreements with any union during the pendency of any representation proceedings before the National Labor Relations Board, and prior to the certification.

The moving papers further reveal that the plaintiff has adopted this policy so that it will at all times be in compliance with the provisions of the National Labor Relations Act, as amended, and attention is directed to the feature that it is an unfair labor practice and illegal for an employer to extend recognition as an exclusive bargaining representative or enter into any agreement with any union that does not represent a majority of its employees, or with any union during the pendency of representation proceedings before the National Labor Relations Board.

On or about March 26, 1951, the defendant union filed an application with the National Labor Relations Board for certification as a collective bargaining representative of plaintiff's employees at the stores in question. Divers proceedings took place and thereafter and on or about July 25, 1951, an election was conducted by the National Labor Relations Board at which the defendants appeared to receive a majority, but it is averred that a very substantial vote was also received by Local 11, A. F. of L.

The papers disclose that within the time prescribed by the rules of the National Labor Relations Board, plaintiff and Local 11, filed objections with the board to the election and to the conduct and the result thereof.

The objections are now pending before the board and in the meantime no union has yet been certified by the board as the exclusive bargaining representative.

Defendants, though aware of these facts, have nevertheless, insisted upon plaintiff recognizing defendants as the collective bargaining representative of plaintiff's employees and negotiate a collective agreement with them during the pendency of the proceedings before the board and because of plaintiff's refusal to do so have been picketing in front of stores operated by plaintiff inside the Pennsylvania Railroad terminal here, and have been staging demonstrations, as is pointed out in detail in the moving papers, shouting at and molesting employees, customers and passersby. The conduct of the defendants

and those associated with them is set forth in detail. The signs and circulars and general statements by them to the effect that there is a strike by employees of plaintiff are false and untrue, and it is manifest that the so-called " strike " and the picketing have, as their purpose and object, by means of intimidation, interference and disorder, and general disturbance, to compel the plaintiff to recognize the defendant union as the collective bargaining representative for all the employees in plaintiff's five-store unit and to enter into a collective agreement with it regarding wages, hours and conditions of employment.

Plaintiff sets forth that there have been no negotiations whatever between plaintiff and defendants, or between the plaintiff or any collective group of employees regarding wages, hours and conditions of employment, such questions being reserved for bargaining with the exclusive bargaining representative who will be certified by the National Labor Relations Board.

It is quite evident, therefore, that there is no real " strike " and no labor dispute between plaintiff and the defendants.

Defendants, in opposition urge, firstly, that this court does not have jurisdiction of the subject of the action; that exclusive jurisdiction over the industrial relations here involved has been vested in the National Labor Relations Board by Congressional enactment of the Taft-Hartley Law (Labor Management Relations Act, 1947, U. S. Code, tit. 29, § 141 *et seq*.).

It is also contended that the " strike " against plaintiff is being carried on for a lawful purpose, to attain improved working conditions and against unfair labor practices of the plaintiff. Further, that the instant case involves and grows out of a " labor dispute " within the meaning of section 876-a of the Civil Practice Act; that plaintiff's complaint does not comply therewith and should be dismissed. Other claims urged are embodied in the above.

The court sees no merit in the contentions of defendants, and nothing is perceived, in the opposing papers, which gives, in the opinion of the court, any legal vitality thereto; nor are there, in the view of the court, any equitable considerations which can be legitimately recognized as redounding to the benefit of the defendants.

The conduct of the defendants is improper, and, in the situation disclosed, censurable and condemnatory, for, as the record reveals, the picketing is being conducted for an illegal objective. Section 876-a of the Civil Practice Act does not bar injunctive relief in such a case, and such conduct will be

enjoined. This is well-established law. The very recent ruling by the Court of Appeals in *Goodwins, Inc., v. Hagedorn* (303 N. Y. 300) is directly in point and presents a comparable situation with that at bar. Illegal acts are not protected as proper trade union objectives and section 876-a is inapplicable to such a case.

Upon the facts presented by the record the court is unable to see that there is a labor dispute within the meaning of the above provision.

The court is of the ultimate view that plaintiff has made out a clear case entitling it to the relief sought and to the injunctive restraint applied for against the defendants, and the motion is, accordingly, granted. The cross motion of defendants to dismiss the complaint is accordingly, denied. Plaintiff will file an undertaking in the sum of $2,500, condition as prescribed by statute.

Settle order.